UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KATHLEEN BRENNAN,

Plaintiff,

v.                                                                              No. 11-CV-826-BRB/WDS

CITY OF SANTA FE, MARCOS D.
MARTINEZ, Individually and in his
Official Capacity, JOE PAULK, JAN
PAULK, and MARY ELIZABETH
GONZALES ZERVIS,

Defendants.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**[1]

**THIS MATTER** is before the Court on the Plaintiff's Motion to Amend Complaint. (Doc. No. 73)  The Honorable Bobby R. Baldock, United States Circuit Judge Sitting By Designation, has referred the matter to the undersigned for a report and recommendation.  The United States Magistrate Judge, having read said Motion, considered the memoranda in support and in opposition to the Motion and being otherwise fully advised, finds and recommends that the Motion should be granted.  The court makes the following findings and recommended disposition.

**LEGAL STANDARD**

Rule 15(a)(2) Fed. R. Civ. Proc. governs proposed amendments after the initial pleadings have closed. The rule directs the Court to freely grant leave to amend "when justice so requires."

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Leave to amend should be granted unless the party opposing the motion has made a showing of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of a motion to amend is within the sound discretion of the trial court. *Foman*, 371 U.S. at 182.

## ANALYSIS

Plaintiff's new attorney seeks to amend the complaint in this matter, and has attached the proposed amended complaint as an exhibit to the moving papers. The proposed amended complaint drops claims against the governmental defendants, who have settled with the plaintiff and are no longer parties to this case. It also drops civil rights claims against the remaining individual defendants. The proposed complaint adds claims for nuisance, intentional infliction of emotional distress, and injunctive relief. The trespass and fraud claims from the original complaint are retained. The slander of title claim is dropped.

Defendants oppose the motion on the basis that it was filed in bad faith and with a dilatory motive, seeking to avoid entry of summary judgment in favor of Defendants. The Court has scrutinized the motion and proposed amended complaint and can discern no such motives. Defendants also argue that the additional claims are futile because they are "frivolous" and will not withstand summary judgment. Defendants, however, are arguing the merits of the claims, which is premature. Defendants, for example, argue that Plaintiff is not the true owner of the property, and does not have an easement for the disputed alley. However, both Plaintiff's complaint and the proposed amended complaint allege that she is the owner of the property and has an easement for the alley. The issue for the Court to consider at this point is not whether the proposed additional claims will survive summary judgment, but whether the Defendants would be prejudiced by

amendment of the complaint. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006) Defendants have not suggested how amendment at this point would be prejudicial to them. Plaintiff, on the other hand, notes that the case is less than a year old, discovery is in its early stages, and trial is not scheduled until April 2013. The Court notes that depositions have not been taken yet, as the location for the depositions of the parties is the subject of another motion before the Court. The Court also notes that the proposed amended complaint is more streamlined than the original complaint, and is in the interest of judicial economy. The Court has independently evaluated whether allowing this amendment would prejudice the Defendant, and can find no prejudice to the Defendant in allowing the amendment.

In the Court's opinion it is preferable to allow amendment, regardless of potential futility, and deal with alleged defects in the amended complaint by way of dispositive motions. That would appear particularly true in a case such as this, where the basic facts, such as ownership of property and whether easements exist, are hotly contested. Accordingly, the Court recommends that under the circumstances presented, justice requires that the Plaintiff be allowed to amend her Complaint as set forth in the proposed amendment.

## JURISDICTION

As a final matter, this matter was originally filed in state court, and was removed to federal court by the governmental defendants on the basis of federal question jurisdiction. Plaintiff filed a motion to remand, and that motion was denied on the basis that Plaintiff's complaint alleged a cause of action under §1983 against all defendants. (Doc. No. 68) The Court notes that the governmental defendants have settled with the Plaintiff, and the proposed amended complaint contains no constitutional or federal claims against the remaining individual defendants. Therefore, if the presiding judge accepts the recommendation to grant leave to file an amended complaint, it

may be appropriate to revisit the matter of whether this lawsuit should be remanded to state court.

                                                                        _____
                                                                        W. Daniel Schneider
                                                                        United States Magistrate Judge